IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**STEPHANIE OSHEL,**

    Plaintiff,

v.                                           Case No. 09-CV-00764  JEC/RHS

**BOARD OF COUNTY COMMISSIONERS**
**for the COUNTY OF SANTA FE, New Mexico,**
**FRANK LOVATO, TERRY BURKS,**
**GREG PARRISH, ANNABELLE ROMERO,**
**BILLY MERRIFIELD, ROBERT APODACA,**
**CURTIS YOUNG, ERNIE SAUCEDO,**
**SHERRIE LOPEZ, JESSICA VALDEZ,**
**and ROMAN ABEYTA, in their official**
**capacities and individually,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the *Motion to Strike Plaintiff's Affidavit from the Second Complaint* (Doc. 17), filed February 19, 2010 by Defendants Lovato, Burks, Merrifield, Duran, Young, and Saucedo ("Motion"). Having reviewed the parties' submissions and being otherwise informed in the premises, the Court finds the Motion is well-taken and will be GRANTED.

**I.**     **BACKGROUND**

Plaintiff is a former employee of the Santa Fe Department of Corrections Youth Development Program ("YDP"). While so employed, Plaintiff contends she was subject to disparate treatment, retaliatory discharge, and hostile work environment in violation of the New Mexico Human Rights Act and Title VII of the Civil Rights Act of 1964. *2nd Am. Complt.* (Doc. 12) at 14-17. Plaintiff also claims violations of the United States Constitution, including

violations of the Equal Protection Clause, the First Amendment, and substantive due process, and conspiracy to commit same.  *Id.* at 17-20.  Also contained in her Complaint are allegations of wrongful termination/retaliatory discharge, breach of the implied covenant of good faith and fair dealing, defamation, and negligent hiring/supervision/training/investigation/retention.  *Id.* at 21-28.

Attached to Plaintiff's 30-page Complaint is the 62-page Charging Affidavit of Stephanie Oshel, *id.* at Exhibit A, which was required as part of the charge she filed with the New Mexico Human Rights Division and the EEOC, *Pl.'s Resp. To Defs.' Motion to Strike Aff.* (Doc. 18) ("Resp.") at 1.  The Charging Affidavit purports to set forth factual details supporting Plaintiff's allegations against Defendants.  *See generally* 2nd *Am. Complt.* at Ex. A.

Defendants Lovato, Burks, Merrifield, Duran, Young, and Saucedo ask the Court to strike Plaintiff's 62-page Charging Affidavit pursuant to Fed.R.Civ.P. 12(f).  *Motion* at 1.  Plaintiff opposes the Motion, claiming that the Charging Affidavit "is best considered a 'written instrument' pursuant to Fed.R.Civ.P. 10(c) because it is 'a document ... giving formal expression to a legal act.'" *Resp.* at 2 (quoting *Murphy v. Cadillac Rubber & Plastics, Inc.*, 946 F.Supp. 1108, 1115 (W.D.N.Y. 1996).  Further, Plaintiff contends the Charging Affidavit should not be stricken because it may be helpful if the Court finds it necessary to analyze the relation of the Complaint to the underlying EEOC charge or qualified immunity issues.  *Id.* at 2-4.

## II.     LEGAL STANDARD

The Court is empowered to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(c).  However, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed.R.Civ.P. 10(c).

### III. DISCUSSION

Although the Tenth Circuit does not appear to have addressed the question, other courts have held that affidavits are not "written instruments" within the meaning of Rule 10(c). The Third Circuit has held that "lengthy exhibits containing evidentiary matter should not be attached to pleadings." *Rose v. Bartle*, 871 F.2d 331, 340 (3rd Cir. 1989) (quoting 5 C. Wright & A. Miller § 1327 at 489). Moreover, it does not appear that an affidavit falls within the definition of an "instrument" as that term is used in Rule 10(c). An "instrument" is defined as "[a] written legal document that defines rights, duties, entitlements, or liabilities, such as a contract, will, promissory note, or share certificate." Black's Law Dictionary (8th ed. 2004). Even the case upon which Plaintiff relies for her proposition that her affidavit "is best considered a 'written instrument'" holds that affidavits do not "fall[] within the commonly held definition of a 'written instrument.'" *Resp.* at 2; *Murphy v. Cadillac Rubber & Plastics, Inc.*, 946 F.Supp. 1108-1115 (W.D.N.Y. 1996).

Despite the potential usefulness of Plaintiff's Charging Affidavit in this litigation, Plaintiff is unable to point to any facts or authority to indicate that the Charging Affidavit should not be stricken as requested by Defendants.

### IV. CONCLUSION

Neither the Charging Affidavit attached as Exhibit 1 to Plaintiff's Second Amended Complaint nor the administrative documents attached as Exhibit 2 to Plaintiff's Second

Amended Complaint are the type of document that is considered part of a pleading pursuant to Rule 10(c).  For this reason, Defendants' Motion is GRANTED.

DATED April 21, 2010.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:

David Sandoval, Esq.
George T. Geran, Esq.
Santa Fe, NM

Counsel for Defendants Frank Lovato,
Terry Burks, Billy Merrifield, Curtis Young,
Ernie E. Saucedo, and Sam Duran:

Stephen G. French, Esq.
Albuquerque, NM

Counsel for Defendants Board of County
Commissioners, Greg Parrish, Annabelle Romero,
Robert Apodaca, Sherrie Lopez, Jessica Valdez,
and Roman Abeyta:

Christina L. Brennan, Esq.
James P. Sullivan, Esq.
Santa Fe, NM