IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEPHANIE OSHEL,

       Plaintiff,

vs.                                                                                           Civ. No. 09-764 JEC/RHS

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF SANTA FE, New Mexico,
FRANK LOVATO, TERRY BURKS,
GREG PARRISH, ANNABELLE ROMERO,
BILLY MERRIFIELD, ROBERT APODACA,
CURTIS YOUNG, ERNIE SAUCEDO,
SHERRIE LOPEZ, JESSICA VALCEZ,
and ROMAN ABEYTA, in their official
capacities and individually,

       Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DOCUMENT
DISCOVERY AGAINST COUNTY DEFENDANT, FOR SANCTIONS
AGAINST COUNTY DEFENDANT, AND FOR EXTENSION OF
<u>DISCOVERY PERIOD RELATED TO DELAYED PRODUCTION</u>**

**THIS MATTER** comes before the Court on Plaintiff's Motion to Compel Document Discovery Against County Defendant, For Sanctions Against County Defendant, and For Extension of Discovery Period Related to Delayed Production [docket no. 131]. The Court has now considered the Motion together with Defendant Board of County Commissioners' Response (docket no. 138) and Plaintiff's Reply (docket no. 144) and Plaintiff's Amended Reply (docket no. 145), as well as all of the pleadings on file in the above-captioned cause and hereby concludes that the Motion is not well-taken and should be denied.

    Plaintiff complains that following the Court's Order (docket no. 66) she was not provided with documents to which she was entitled pursuant to the terms of the Order. Plaintiff complains

that the Defendant County Commissioners denied her access to an investigation done by Diane Garrity and Eloy Mondragon in 2006.  Defendant County Commissioners has carefully explained that Garrity and Mondragon were not county employees and that no investigative report was written and that the County is not in possession of any documentation from either Diane Garrity or Eloy Mondragon.  Next, Plaintiff complains that she has not received all computer investigations containing pornography, however, Defendant County Commissioners has responded by stating that it has provided all computer investigations within its possession. While Plaintiff may challenge this response, it is sufficient for discovery purposes and Plaintiff may attack the response during cross-examination at trial.  Lastly, Plaintiff complains that she was not provided with the child pornography that was found on her computer and she argues that the Defendant County Commissioners have an affirmative duty to recreate the image.  Defendant County Commissioners have responded by indicating that Plaintiff has been given a copy of the Sheriff Department's investigation in answers to interrogatories together with an explanation as to how the photograph was identified.  Defendant County Commissioners have stated that there is no existing print-out of the photograph and the County does not have the ability to reproduce a copy.  Plaintiff is free to inquire of the Sheriff's Department and their evidence archive to determine if the Sheriff's Department is able to retrieve the photograph.  However, for purposes of answers to discovery, the Defendant County Commissioners' responses are acceptable.

     Finally, the Court does not find cause to extend discovery as there has been no explanation as to what discovery would be undertaken if an extension were to be granted.

     **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Document Discovery Against County Defendant, For Sanctions Against County Defendant, and For

Extension of Discovery Period Related to Delayed Production [docket no. 131] is hereby denied and each party shall bear and pay their respective attorney's fees and costs herein.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE